REINEMAN *et al.* v. BALL *et al.*

(*Circuit Court, S. D. New York.* February 14, 1888.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

In an action to set aside a general assignment, each of the plaintiffs being a separate judgment creditor of the assignors, where no issue is raised as to the judgments, and the only facts controverted being those tending to impeach the *bona fides* or validity of the assignment, and the preferences created by it, and the only issue being whether or not the assignment was fraudulent, no

such separable controversy is presented as to authorize a removal of the action on the ground of the diversity of citizenship, some of the plaintiffs being residents of the same state as the defendant.

On Petition to Remand.

Action brought by Samuel Reineman and others against Michael Ball and others to set aside a general assignment.

*Franklin Bien,* for plaintiffs.

*Baker & Schwartz,* for defendants.

LACOMBE, J. This action was begun in the state court on April 27, 1886, by four of the plaintiffs against the defendants, all parties being citizens and residents of New York. Subsequently, the summons and complaint were amended by bringing in two additional plaintiffs, citizens and residents of Massachusetts. These latter thereupon removed the cause into this court, but without entering here the copy of the record required by the removal act. Defendants have, therefore, themselves entered the record, and now move to remand, in accordance with the rules and practice of this circuit. *Anderson* v. *Appleton,* 32 Fed. Rep. 855.

The action is brought to set aside, as fraudulent, a general assignment made by the defendants, Ball & Levy, to Julius Altman. Each of the plaintiffs is a separate judgment creditor of the defendants, Ball & Levy. Executions have been issued on their several judgments, and returned unsatisfied. No issue is raised as to these judgments, the defendants only controverting such facts as tend to show that the assignment was fraudulent or invalid, or that the preferences it contains are fictitious; and the only controversy involved in the case is the question whether that assignment was fraudulent. This is not a separable controversy, within the later decisions. See *Anderson* v. *Appleton,* 32 Fed. Rep. 855, and cases there cited. Inasmuch, therefore, as citizens of this state are found on both sides of that controversy, the cause must be remanded.